# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

TIFFANY JAMIL FLENAUGH,

                 Plaintiff,

        v.

KAYLI M. EACRETT,

               Defendant.

Case No. 4:24-cv-00005-JMK

## **SCREENING ORDER**

On February 14, 2024, self-represented litigant Tiffany Jamil Flenaugh filed a civil complaint, a civil cover sheet, and an application to waive payment of the filing fee.[1] Plaintiff brings this suit against Kayli M. Eacrett ("Defendant"), U.S. Probation Officer in the Western District of Washington for allegedly committing various "torts" against Plaintiff.[2] For relief, Plaintiff seeks damages in the amount of $143,380.00.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Read as a whole and liberally construed, Plaintiff's Complaint fails to state a claim for violation of her civil rights. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an

---

[1] Dockets 1-4.

[2] Docket 1.

[3] Docket 1 at 6.

amended complaint in accordance with the guidance herein. While a court may act with leniency towards a self-represented litigant for procedural violations, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Although handwritten filings are permitted, they must be legible, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[4]  The Court has tried to interpret the Complaint, but Plaintiff must ensure that any amended complaint or future filing is legible.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[5]  In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[7]

---

[4] *See* Local Civil Rule 7.5.

[5] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026,

Case No. 4:24-cv-00005-JMK*, Flenaugh v. Eacrett*
Screening Order
Page 2 of 10
Case 4:24-cv-00005-JMK   Document 6   Filed 07/03/24   Page 2 of 10

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Amended may be considered futile when the claims lack a cognizable legal basis,[9] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[10]

## DISCUSSION

### I.  Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[11]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[10] *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[12] *Ashcroft*, 556 U.S. at 678.

[complainant] is entitled to relief[.]"[13] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[14] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[15] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and she must allege an affirmative link between the injury and the conduct of that defendant.[16] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[17]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[18] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[19] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[20] It is Plaintiff's

---

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[15] *Id.* (internal quotation marks and citation omitted).

[16] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[17] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[18] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[19] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

Case No. 4:24-cv-00005-JMK, *Flenaugh v. Eacrett*
Screening Order
Page 4 of 10

burden to set forth the legal and factual basis for each claim should Plaintiff elect to file an amended complaint.

## II. Jurisdiction

The Court has an independent obligation to determine whether it has subject-matter jurisdiction.[21] "[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[22] In general, a federal court has original jurisdiction over actions involving a federal question,[23] and actions between citizens of different states involving an amount in controversy greater than $75,000.[24] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[25] A party invoking federal jurisdiction must also satisfy the threshold requirement of showing an actual case or controversy under Article III of the U.S. Constitution.[26] Federal courts enforce this jurisdictional limitation through the doctrine of standing.[27]

---

266, 268 (9th Cir. 1982).

[21] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); *Wilson v. Lynch,* 835 F.3d 1083, 1091 (9th Cir. 2016).

[22] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

[23] 28 U.S.C. § 1331.

[24] 28 U.S.C. § 1332(a).

[25] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[26] *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

[27] *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–42 (2006).

To establish standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision."[28] An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.' "[29] A "particularized" injury is one that " 'affect[s] the plaintiff in a personal and individual way.' "[30] A "concrete" injury "must actually exist" and must be "real, and not abstract."[31] If a federal court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.[32] A federal court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face.[33]

Although Plaintiff uses legal terms like "negligence, slander, deliberate indifference"[34] and "torts,"[35] she appears to be contesting two probation violations

---

[28] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citing *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004)).

[29] *Lujan,* 504 U.S. at 560 (citations omitted).

[30] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (quoting *Lujan,* 504 U.S. at 560 n.1).

[31] *Id.* at 340.

[32] Fed. R. Civ. P. 12(h)(3); *see also Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

[33] *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

[34] Docket 2 at 1.

[35] Docket 1 at 1.

for non-compliance, which may have resulted in a warrant for her arrest.[36] The Complaint does not state whether the criminal charges were brought in state or federal court or whether those charges are still pending. However, in any event, claims challenging the legality of an arrest or detention must be brought in the pending criminal case, through the established criminal appellate process, through a writ of habeas corpus, or after a favorable termination of the underlying criminal case.[37] As pleaded, the Court is unable to establish subject-matter jurisdiction over Plaintiff's claims.

Further, Plaintiff makes no attempt to explain what connection the alleged events have with the District of Alaska. The Court cannot establish has personal jurisdiction over Defendant or determine why the Court would be the proper venue for this case when Defendant appears to live and work in the State of Washington, which also seems to be where the alleged events occurred.[38]

For these reasons, the Complaint is DISMISSED. Although amendment is likely futile, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint.

---

[36] Docket 1 at 3.

[37] *See* 28 U.S.C. § 2241. *See also Heck v. Humphrey*, 512 U.S. 477 (1994).

[38] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

## III.    Amending a Complaint

An amended complaint replaces the prior complaint in its entirety.[39]   Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[40]   An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[41]   An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.  An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

---

[39] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[40] Fed. R. Civ. P. 8(a)(2).

[41] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case 4:24-cv-00005-JMK   Document 6   Filed 07/03/24   Page 8 of 10

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2.  Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order.  An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3.     If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

**4.**     Plaintiff's application to waive payment of the filing fee at **Docket 3 is GRANTED.**

5.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[42]

---

[42]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6.     Self-represented litigants must be ready to diligently pursue each case to completion.  Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7.     At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[43]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

10.     With this order, the Clerk is directed to send: (1) form PS02, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 3rd day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[43]  *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").